## Krebs Estate

*Butler, Beatty, Greer & Johnson* and *John W. Dickerson*, for accountant.

*Arnold M. Snyder*, for Commonwealth.

VAN RODEN, P. J., October 17, 1955.—Decedent died July 10, 1954, survived by his widow, Beulah T. Krebs, who, by written election duly filed of record, has elected to take under the terms of decedent's will. . . .

The court has been requested to construe and interpret paragraph 10 of decedent's will which reads as follows:

"All the rest, residue and remainder of my property, real and personal, I give, devise and bequeath unto my trustee hereinafter named IN TRUST NEVERTHELESS, for the following use and purpose, that is to say: to invest, reinvest and keep the same invested, to collect the income arising therefrom and after deducting all proper charges and expenses to pay the net income thereon in quarterly instalments unto my dear wife, BEULAH T. KREBS, for and during the period of her natural life and upon her death to transfer and deliver one-half of the principal or corpus of my residuary estate unto such person or persons as she by last will and testament may appoint, and in default of such appointment to pay over and distribute absolutely the said one-half of the principal or corpus of my residuary estate unto my nephews, MARION B. KREBS, DOUGLAS KREBS and JOHN KREBS, share and share alike, and in the event that any of my said nephews predecease me, then to pay over and distribute the share of the one so dying unto his issue then surviving per capita. AND, as to the other one-half of the principal or corpus of my residuary estate, upon the death of my dear wife to pay

over and distribute absolutely out of and from the principal the sum of ten thousand dollars ($10,000.00) unto the ARCH ST. PRESBYTERIAN CHURCH, now located at 1724 Arch Street, Philadelphia, Pennsylvania, and the balance of the said one-half of the principal or corpus of my residuary estate unto my nephews, MARION B. KREBS, DOUGLAS KREBS and JOHN KREBS, share and share alike and, in the event that any of my said nephews predecease me then to pay over and distribute the share of the one so dying unto his issue then surviving, per capita."

The specific questions which are raised by paragraph 10 and which require adjudication are stated by counsel for the accountant as follows:

"1. Did not the testator, in Clause Tenth of his Will, divide the residue of his estate into two equal parts and create a separate and distinct trust of each part?

"2. Did not the testator leave one-half of his residuary estate in trust for his wife for life, with the unrestricted power in her thereafter to appoint the corpus by Will?

"3. Did not the testator leave the other half of his residuary estate in trust for his wife for life, and thereafter to be distributed to the Arch Street Presbyterian Church and to three named nephews?"

These questions arise because of section 812(e), as amended, of the Internal Revenue Code of February 10, 1939, 53 Stat. at L. 123, 26 U. S. C. §812(e), as amended, relating to the "marital deduction". A bequest qualifies for the marital deduction if it is given to the surviving spouse outright, or, in the case of a gift in trust, if the surviving spouse is entitled to receive the income from the property for life with a general power to appoint the entire corpus free of the trust. Property passing in trust qualifies for the marital deduction only if the general power of appointment extends to the entire corpus of the trust. Accordingly,

if decedent intended by his will to create a single trust and conferred on his widow a general power of appointment over only a portion of the corpus, then the requirements for the marital deduction have not been met. On the other hand, if decedent intended to create by his will a separate trust of each half of the residue, then the value of the trust corpus over which 'the surviving spouse has the power of appointment will qualify for the marital deduction notwithstanding the fact that the two trusts may be administered together as a single fund in order to secure the maximum income therefrom for the surviving spouse.

After full and careful study of the entire matter, including a careful reading of the entire will of decedent and the applicable statutes, regulations and judicial decisions, the court is of the opinion that it was decedent's intention, as expressed in his will, to make his wife the primary object of his bounty and to preserve the largest portion of his estate for the remainder interests named therein, and, accordingly, that decedent intended to create two separate trusts of the principal of his residuary estate in order to secure such maximum benefits under the law. The court, therefore, holds that all three questions above set forth must be answered in the affirmative and that it was decedent's intention, as expressed in the will, to divide his residuary estate into two equal parts and create a separate and distinct trust with respect to each part, that it was decedent's intention, as expressed in his will, to leave one half of his residuary estate in trust for the benefit of his wife for life and with the unrestricted power in her thereafter to appoint the corpus by will and that it was decedent's further intention, as expressed in his will, to leave the other one half of his residuary estate in trust for the benefit of his wife for life and upon her death to pay the sum of $10,000 unto the Arch Street Presbyterian

Church, with balance of the remainder said separate trust to be distributed unto decedent's three named nephews, in equal shares. This interpretation and conclusion of decedent's will will be reflected in the award hereinafter made. . . .